IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Jerry Odell Adams, | ) | |
|                 Plaintiff, | ) | Civil Action No. 7:20-cv-2015-TMC |
| vs. | ) | |
| AT&T, Equifax Inc., Transunion Inc., and Experian Inc., | ) | **ORDER** |
|                 Defendants. | ) | |

Plaintiff Jerry Odell Adams ("Adams"), proceeding *pro se* and *in forma pauperis*,[1] brought this action asserting that Defendants AT&T, Equifax Inc., Transunion Inc., and Experian Inc. (collectively, "Defendants") violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x, by attempting to collect on a debt owed to AT&T. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(b), (e), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss Adams's action without prejudice and without issuance and service of process for failure to state a claim. (ECF No. 14). In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. *See id*. Adams was advised of his right to file specific objections to the Report, *id*. at 6, but failed to do so. The time for Adams to object to the Report has now expired, and this matter is ripe for review.

---

[1] S*ee* (ECF No. 8 at 1).

1

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, "[i]n the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation." *White v. Stacher*, C/A No. 6-05-1737-GRA-WMC, 2005 WL 8163324, at *1 (D.S.C. Aug. 29, 2005) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Thus, after a careful and thorough review of the Report and Adams's pleadings, the court agrees with, and wholly adopts, the magistrate judge's findings and recommendations in the Report (ECF No. 14), which is incorporated herein by reference. Accordingly, for the reasons stated therein and in this Order, this case is **DISMISSED without prejudice** and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

August 19, 2020
Anderson, South Carolina

3

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.